The Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw a nine and give their attention, for the court has announced the passing of the United States in this honorable court. Be seated. Welcome to the Court of Appeals. We are ready to hear the first case for argument today. That case is United States v. Wirsing. We'll hear from the appellant. Good morning, your honors, and may it please the court. Section 404A, the first step, asks just one question. Did the Fair Sentencing Act modify the statutory penalties for the offense of conviction? In this case, the answer is yes, and that's not disputed. We know this because Section 2 of the Fair Sentencing Act modified the penalties in 841B1B3 for the offense Mr. Wirsing committed, possession with intent to distribute crack cocaine, and it did this by increasing the weights necessary to trigger its five to 40 year term of imprisonment. Following the First Step Act now that it's retroactively applicable, that penalty no longer applies to Mr. Wirsing. He's now subject to the zero to 20 year term of imprisonment in B1C. I don't believe that that's in dispute. The government did, of course, acknowledge this modification of the statute on page four of its response brief, and although some things have occurred since then, I believe I'm correct in saying that still is not disputed. That's the key issue here. The government initially agreed with you. Did they agree with your rationale as to the basis of it? The government agreed, and this is fair to the government, I think. We get up and then sort of changed our mind, but came back, and at least in terms of the outcome agrees, and then there's a little nuance that we have to decide which way to go on, and how do you articulate that? In terms of the most recent version of the government's theory? No, no, no. In terms of the dispute between you and the government, what are the two things? Well, first the dispute is- Focuses on either conduct or focuses on the statutory. Is that it? Correct. Yes, and our position is that, in fact, nearly every district court to consider this has held that the focus is on the statute, that the eligibility turns on the statute of conviction, and we believe that's the correct position. The outcome probably doesn't matter, does it, on which one, for this particular case, which one you focus on? Is that right? It is true that in this case, regardless of which approach you applied, the math would come out the same. That is correct. In terms of the motion to confess error, however, Mr. Worsing, as the court is aware, was burned pretty badly originally by agreed positions with the parties. He is in prison still today when he could have and should have been released in March, and, in fact, the government then agreed he was eligible for a 37-month reduction. The district court did not disregard that shared position and found him ineligible. Isn't there some provision? I mean, if your government and you agree that you apply either one, you could have gone back to the court and gotten him released on this time period or something while the appeal is on? Well, the motion to confess error was only recently filed within, I think, it was the last few weeks. So up until recently, that was not an option for Mr. Worsing. He probably would lack an option today for it.  I'm sure he would. If he got out of prison, it would be good, wouldn't it? I'm sure he would agree with that, Your Honor. So could you help me a little bit more in understanding the rule that you would ask us to apply? I understand the result you want in this case, and that's important, for sure, to the parties here. But in terms of the rule that you would like us to apply to the facts here, what would that be? Well, I think in terms of, I mean, you are correct that, regardless, the result is the same. But we think it is important for a couple of reasons. The court could, of course, reserve the question of why he's eligible if it wanted to reserve that for another case where it did make a difference and just simply remand with instructions that he is eligible, I suppose. We think there are some pretty compelling reasons, though, why the court may be interested in resolving that question here. First and foremost, there are, to my knowledge, at least four other First Step Act appeals that are held in abeyance for this case out of our district alone. I agree that may be important. Maybe I didn't ask the question correctly. If you could tell, articulate again, how we would resolve it so that we would apply it not just to yours or potentially to these other cases in abeyance or whatever, what would the rule you have us adopt be? We think that the best articulation of First Step Act bill eligibility for these cases is that eligibility turns only on the statute of conviction and whether that statute was modified by Sections 2 or 3 of the Fair Sentencing Act. I'm sorry. Go ahead. I'm sorry. I apologize. No, no, no. It's your... Perhaps an easier way to understand the difference is that the district court's theory of ineligibility, the government's original theory of ineligibility, and its current theory of eligibility, all, in our view, share the same problem and the same reason why they're incorrect. That's because those three approaches essentially seek to take what are discretionary factors under Section 404B and import them across subsection lines, as it were, and make them eligibility criteria. And we don't think that's correct. The concept of eligibility, I think, isn't in the statute, per se. It's in some cases that interpret, I think, the 3582C2 cases. And a lot of the district courts seem to be using it. I get that. But I'm not sure eligibility is anything. There's a cover defense definition. Sure. And maybe those are synonymous. It may just be semantics there. But I guess my question is, is it your position that the indictment is the document that determines whether it's a cover defense across the board? No, I don't think that that's quite the best way to go about it simply because, and I know that earlier decisions often did refer to the weight in the indictment. They used that term. And I think, in our view, that that was really a reaction to the government's argument then that the relevant conduct could be used. And so I think that oftentimes that phrase, the weight in the indictment controls or reference to the indictment, was a way to distinguish what we can and cannot use to determine eligibility for a cover defense. Now, in terms, really it's not about the weight, though. That's a secondary issue. You're saying weight doesn't have anything to do. Not for eligibility, no, Your Honor. Okay. Do you agree that if you get past eligibility and then into the district court's discretion about whether to change the sentence or not, that the drug quantity in the plea could be considered at that stage? Yes, under Section 404B, the discretionary factors, the court can consider all of the relevant information then in determining whether or not to impose a reduced sentence. So there's never, just because a defendant is eligible under Congress's definition in 404A, does not mean the district court is required to impose a reduced sentence, and it can consider all of that relevant information after the eligibility determination is complete. Well, I have a factual question, and it may be I missed it. But in this case, the initial sentence appears to be, you know, based on the notion that we had a weight or an amount of between 5 and 50 grams, because we're talking about that level of 5 to 40 year mandatory minimum or sentencing range. Am I correct then that the district court, and so that couldn't have been, the reason I ask is he referred to 60 grams, of course, in the relevant conduct. I know we're past that at this stage. But was, did he use, was a different volume used for the sentence? Because if it was 60, it would have been above the 50 and into the- No, that's absolutely correct, if I understand your question correctly, is that the sentencing court at original sentencing did apply the 5 to 40 year penalty, which means it relied then, as it should now, on, you know, the statute, the actual statute that applied B1, B3. And, of course, today that has now changed to B1C. But it was looking at the actual elements of the statute that were violated and looking at that 5 to 50 range. And if we determine that this should be remanded and it's a cover defense and we move into the discretionary aspects of the statute, do you agree that that's in connection with a modification of a sentence as opposed to a full resentencing? Yes, we believe it is not a plenary resentencing in our view. It is not quite as limited as Section 3582C2 proceedings, though. So it is a limited imposition of a reduced sentence somewhere between the two. Other questions? If there's no further questions, I'd like to reserve the following time for my rebuttal. Thank you. We'll hear from the government's attorney. Good morning, Your Honors, and may it please the Court. Daniel Cain for the United States. I'd like to get into exactly where we disagree and agree on the merits of the inquiry, but first I would like to make one point absolutely clear, which is that if this Court were to remand this case based on our concession, Mr. Worsing would receive all of the relief he seeks and all of the relief that this Court can grant him. He seeks a determination that he's eligible for the discretionary sentence reduction, and we agree that he is. If this Court resolves any issues surrounding our disagreements about the merits of the 404 inquiry in our favor, Mr. Worsing would fare no worse in the district court, and if this Court resolved any of those disagreements in Mr. Worsing's favor, he would fare no better. So we think the right outcome in this case is a prompt remand with instructions that the district court find Mr. Worsing guilty. How can we remand and say, you know, district court, Mr. Worsing is eligible, or this was a covered offense, without giving the rationale? The district court previously had before it the agreement of the parties, and it decided not to accept that agreement, and I'm not sure that just agreement is enough. No, Your Honor, I'd agree that agreement itself isn't enough.  But we think that it's sufficient in this case for this Court to hold that assuming without deciding the government's more narrow, constricted theory of eligibility applies, even under that more narrow theory, Mr. Worsing is eligible. And I can represent to this Court that in the vast array of these cases across this country, and this issue has been litigated many times, there is no court in this country that would deem Mr. Worsing ineligible on any basis other than that applied by the district court in this case. So, so long as this Court rejects the analysis that the district court in this case adopted, we believe that that's sufficient to resolve this case. Tell us about your position. Okay. First, Your Honor, we agree with the defense that 3582c2, which is the procedural mechanism that the district court adopted in this case, does not apply to a section 404 motion. Section 404 contains its own substantive criteria for eligibility, as to which the defense and the government disagree, but we agree that 3582c2 doesn't apply here. We agree as a result that a defendant's guidelines range is irrelevant to whether the defendant's eligible for discretionary sentence reduction. In this case, it so happens, in our view, that the district court erred in deciding that the defendant's guidelines range today would be the same as it was before. That's because he's a career offender, and the statutory penalties drive the guidelines range for a career offender. But in any event, a defendant's guidelines range is irrelevant to eligibility. Rather, the question is whether the defendant was sentenced for a covered offense, defined in the statute as a violation of a federal criminal statute, the statutory penalties for which were modified by Sections 2 or 3 of the Fair Sentencing Act, and which was committed before that act was enacted. And so we agree on all of that, and we further agree on one essential point to the resolution of this appeal, and that's that eligibility is determined on a count-by-count basis. That's why the district court erred here in relying on the relevant conduct finding, the 60 grams related to the entire 15-count indictment. Mr. Wersing pleaded guilty only to two counts, only one of which was a drug trafficking offense, and there's just no dispute in this record. It's unusually clear in this record that that offense involves 16 grams. So this is the paradigmatic case that Congress wanted to apply the Fair Sentencing Act penalties to, and we agree that they should be applied in this case. And that Mr. Wersing should be out of jail. That's right, Your Honor, and that's why we think an expeditious remand in this case is particularly important. Is there no way to do it before we go through these motions? I mean, if you just agree, you know, I guess you are assuming how we're going on it, but we could do like the district court, I guess, and disagree altogether. But it just seems like you've got the government defendant in the middle of all these things that is a human being sitting in jail that should not be in jail. Your Honor, that's right. We agree that this defendant is eligible for immediate release. Of course, the district court still has some work to do in deciding whether at the second phase, I should say, Your Honor, if this court agrees that this defendant is eligible, the district court still has some work to do at the second phase in deciding whether as a matter of discretion to release this defendant. But, yes, we agree and will recommend in the district court that this defendant receive a bottom of the guideline sentence. And, Your Honor, to answer your question about mechanisms to make that happen, that's what we're trying to do with the motion to remand here. We wanted to remand this case with instructions that Mr. Wersing is eligible and leave for another day the vexing and very difficult question of national importance. I had a question for you about your interpretation of the statute. Your opponent has pointed out that your interpretation of violation in Section A would suggest that you're taking away the retroactive effect. Because if you take a violation, the statutory penalties of which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010. The Fair Sentencing Act of 2010 was not retroactive. So there's a violation of that would not cover any of these past offenses. And they said that's a reason why your interpretation of violation can't be right. And I wanted to give you an opportunity to respond to that. Thank you, Your Honor. No, we don't think we're denying the retroactive effect of the Fair Sentencing Act. And, indeed, this case would seem to me as a prime example. This is a defendant whose conduct, in fact, involved 16 grams of crack cocaine. And both before the Fair Sentencing Act, that would have triggered different penalties than it would have after the Fair Sentencing Act. And our view is that what Congress has done here is invited district courts to consider whether, based on the record, just as it considers in the 3582C2 motion, whether based on the record the quantity of drugs involved in the offense would have triggered different penalties before and after the Fair Sentencing Act. To apply the Fair Sentencing Act retroactively is to ensure like treatment of pre- and post-Fair Sentencing Act defendants. And only one of our theories guarantees that result, and that's the government's. Well, your opponent says that that can come into consideration in the discretionary factors. That the first question is, did the statute change your penalties, not for this particular person, but just did the statute change that you were convicted under? And then the court can take into consideration, as a matter of discretion, the like treatment of like offenders. Well, your Honor, that's right that that's a coherent view of the statute. We disagree that that's what Congress has directed courts to do in this case. But I'd really like to emphasize that under the defense approach, under which, well, let's kick it to district courts and allow them to ensure parity between pre- and post-Fair Sentencing Act defendants, that itself would be a very unusual statute. As this court has made very clear, and I quote from United States v. Goodwin, the law closely guards the finality of criminal sentences against judicial change of heart. To grant a defendant a discretionary sentence reduction is itself a procedural windfall to that defendant, unavailable to other defendants. And so, for example, consider a defendant who is convicted pre-Fair Sentencing Act. Let's say the defendant pre-Fair Sentencing Act was both charged with and convicted of trafficking in a kilogram of crack cocaine. That same defendant today, everyone would agree, is subject to the B1A penalties. Now, if that defendant today receives the opportunity for a discretionary sentence reduction, we agree that, of course, the court could deny the discretionary reduction and thus ensure that like treatment of pre- and post-Fair Sentencing Act defendants. But it's quite unfair, and we would argue illogical, that the pre-Fair Sentencing Act defendant receives the procedural windfall of a discretionary resentencing unavailable to the post-Fair Sentencing Act defendant. And by the way, this disparity is not limited just to cocaine-based defendants. It would be true for every drug defendant. It's quite unfair that, say, a pre-Fair Sentencing Act crack defendant who trafficked in a kilogram of crack is treated better than a pre-Fair Sentencing Act powder cocaine defendant who trafficked in a kilogram of powder cocaine. That powder defendant isn't going to receive the opportunity, the procedural opportunity for a discretionary sentence reduction. But now, under the defense theory, the crack defendant would. We think Congress doesn't hand out exceptions to finality in such a scattershot manner. But again, Your Honor, we don't think that this case is the case, is the proper vehicle for resolving these very difficult questions. And happily, I'm sorry. Do you think in the covered defense definition, the district court, to determine whether it's covered, actually has to determine what the amount or the weight is to see whether not just it's a statute, the penalty of which is changed, but whether it would make a difference, for lack of a better word, to that defendant? That's what you're suggesting? That's exactly right, Your Honor. And we see it as analogous to the 3582C2 inquiry,  whether the quantity of drugs involved in the offense, based on the record, would have triggered the same guidelines range or not. And in that inquiry, this court has repeatedly affirmed that there's no problem with judicial fact-finding at the eligibility phase of a 3582C2 motion. And that's because, as the Supreme Court held in Dillon, under these circumstances, which are merely sentence modification motions, they're sentence reduction motions, a defendant's sentence can't be increased. Under these circumstances, the Sixth Amendment right identified in Apprendi and Alleen just doesn't kick in because nobody's being asked to increase the defendant's sentence. But again, Your Honor, I really would like to emphasize that this is not the case to decide that question. It's a problematic vehicle for a couple of reasons, one of which is that the district court didn't engage in the difficult inquiry of what is required under the text of Section 404. Two, this is quite an unusual case in that the indictment in this case actually charged a quantity, a specific quantity, and not merely the threshold quantity, which I can represent across the country with the normal practice of the United States. And third, this is an unusual case because, in part because of the government's fault in filing an erroneous brief, and we take responsibility for that. But this case hasn't teed up the very complex and very important issues as well as they have been teed up in other fully briefed cases in this very court. So I can represent to the court that in the consolidated appeal in Johnson and Washington, which has been fully briefed, and in which the government sought an accelerated oral argument schedule, but this court denied that motion, that case involves two paradigmatic examples of the issue here, which this case does not. In those cases, one defendant pleaded guilty to a quantity greater than the Fair Sentencing Act threshold quantities. So an interesting question there is whether a defendant under those circumstances is eligible, where he's actually admitted the greater quantity at a plea colloquy. That would be sufficient to satisfy Apprendi, of course. And then there's another case in the Johnson and Washington consolidated appeals in which the quantity was merely identified at, was merely found by the district court at sentencing. So that obviates any potential Apprendi concerns, which, again, we don't think exists. But I'm just trying to give this court a flavor of the sort of complex variations that arise in this context. This is a very... When was the time of your motion to remand? A little more than a month ago, Your Honor. And, again, our opening brief in this case was erroneous. It should not have been filed. It didn't represent the government's position on relevant conduct at the time, and it doesn't now. Which isn't to say, by the way, that relevant conduct can never be informative as to the quantity involved in a defendant's offense. In this case, it is crystal clear from the plea agreement that the relevant conduct was related to the entire indictment, the entire common scheme or plan related to the defendant's offense. In this case, there's no question that the quantity involved in his offense was 16 grams. This defendant should be subject to immediate release. And so we would ask this court for a prompt order remanding this case to the district court with instructions that the defendant be found eligible for a discretionary sentence reduction. Thank you very much. Thank you, Your Honor. We have a few minutes for rebuttal, if you want. Thank you, Your Honors. I have a couple points, and I hope I can get through all of them before I run out of time. The government, first, agrees that 3582C2 does not apply to Section 404, but also asks this court to treat these proceedings as if they were analogous or similar to 3582C2 proceedings, and it indicates that Elaine and Apprendi do not apply or do not present any concern. And we disagree emphatically with that point. There are a number of recent decisions, particularly out of the eastern and western districts of Virginia, that have found directly otherwise and for very good reason. For example, these have come out since the briefing has been completed, and we're only really getting into this now, so I apologize these aren't actually in our briefs. They were issued in July and later. United States v. Lee, 2019, Westlaw 3073992 is one particularly good example that explains why Dillon, if anything, suggests strongly by contrast that Elaine and Apprendi should apply, and the reason why is because in Dillon, the Supreme Court was considering whether or not Booker applied to 3582C2 sentence reductions, and in looking at that or in considering that question, the Supreme Court did not use the Teague v. Lane nonretractivity rule. It looked to the text of the statute, 3582C2, and 3582C2 has limitations that simply are not present in the First Step Act. It is not limited by the Sentencing Commission's policy statements or 1B1.10. None of those are limits here, and so Dillon suggests only that we should be looking at the text of the statute, and that statute here is 404A. 404 imposes none of those limitations and simply asks the court to look at the statute for eligibility. All of these other considerations are relevant only in discretion. I also want to indicate why it makes sense for Congress to have left this sort of decision as far as the reduction up to the district court's discretion. It did reserve the question of eligibility for itself in Section 404A, but there is only one way to know whether a sentencing court who sentenced a defendant in the early 2000s or in some cases a decade or two ago, there's only one way to know if that sentencing court's decision would have been different, if it knew then what we know today, which is that Congress has expressly repudiated the sentencing disparity that existed at the time, and there have been a number of decisions, Kimbrough, Booker, that have come out since many of these defendants were sentenced. The First Step Act, or excuse me, the Fair Sentencing Act itself, you know, if any of those changes of heart would have persuaded a district judge to impose a slightly reduced sentence, the only way to know that is to give it back to the district court and let them explain if it would or not. It makes perfect sense for Congress to have done that, and it's not, in our view, a windfall at all. It's simply correcting a disparity that we have now recognized was harsh and unfair for people like Mr. Wersing. I guess it kind of concerns me to some extent. Did you oppose the motion to remand, didn't you, that was filed a month ago? We did, and I'm glad you... It put you in a tough position, didn't it? Well, sort of. We certainly were happy to... At least from your client's perspective. If I understand it, you opposed it because you know you didn't agree with the way the law was being articulated by the government? That's actually not the only reason, and I'm glad Your Honor has brought that up. Any other reason that your client would articulate to us for it? The government's motion to remand and confess error asked only for a bare remand. It asked for nothing else. It did not ask this court to specifically instruct the district court that Mr. Wersing was eligible, and that was, in fact, our primary concern. The legal disagreement we can reserve for another case, but that was our concern. I'm trying to push you in a corner on this. Oh, no, not at all. I think these are difficult cases, and I think it would seem prudent to me that in your position, you might want to... You would articulate... You certainly would like to have remand, but the court chooses to... Basically, it's up to the court to make the decision on it, at least from your perspective. We're not talking about a long time, but a month to someone who's in jail is a long time. We agree, Your Honor. We agree. But also, we have to be... First and foremost, have to ensure that there will be no problems on this remand that we had on the first one, and we just did not feel that that was guaranteed on the basis of the government's motion by the wording that was in it. Sometimes when you're doing that, you can ask the court upon remand to articulate in the order the basis for the remand. That's true. We could have shortcut this, and even an order can contain directions to the court on how to act. In the midst of all of our legal work and our aim to try to fix stuff, we ought to be sensitized to the fact that somebody is sitting in jail who may or may not... The court has a little discretion on it, but I don't get out, so I just want to bring that to your attention. We don't need to go through it anymore. As far as Mr. Worsing is concerned, again, certainly if the court wants to give that relief today to simply reserve the question for another case and remand with a decision that he is eligible or directions to the district, that would be sufficient, and we would be perfectly fine with that. Again, the court has... Well, the other two cases that are quantity cases in abeyance for this one of ours, Smith and Grantham, could likewise be resolved that same way. Larry Sellers, however, will not be resolved. His case will not be resolved by that sort of narrow holding, so either option would be agreeable to Mr. Worsing, though. Of course. He's the only one you're representing now, aren't you? That's correct. Okay, I think we'll just talk about Mr. Worsing. Okay. In terms of the remainder, the powder versus crack, I mean, the entire point of the First Step Act was to apply to crack cocaine defendants. The ratio for powder cocaine was not a problem, so the fact that a powder defendant may not get this reduction, Congress simply wasn't trying to correct a problem there. They are trying to correct it for crack cocaine. And so we just really think, and many district courts have held and we wholeheartedly agree, that these are not windfalls, not in any sense because they are meant to correct a problem, number one. Number two, the sentencing court always has discretion to decline to reduce a sentence in any event. That is clearly laid out in Section 404C. If the court has no further questions, thank you. Thank you so much for your argument. The court will come down and greet counsel and proceed to the next case.
judges: James A. Wynn Jr., A. Marvin Quattlebaum Jr., Allison J. Rushing